## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTHA L. JOHNSON, | : | No. 3:04cv2504 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| JO ANNE B. BARNHART | : | |
| Commissioner of Social Security, | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court are plaintiff's motions for an award of attorney's fees pursuant to the Equal Access to Justice Act (Doc. 21) and plaintiff's supplemental motion for attorney's fees under the Equal Access to Justice Act (Doc. 27). This case concerns the amount of attorney's fees owed a prevailing plaintiff under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2006). Under that legislation, a plaintiff who prevails in a lawsuit against the government can have her attorney's fees refunded under certain circumstances. The dispute here is about whether the fees claimed by the plaintiff are reasonable.

### I. Case Background

Martha Johnson, the plaintiff in this case, filed a social security disability claim in 1983, alleging that she had become disabled and unable to work in

1979.  The Social Security Administration initially denied the claim, but

reopened her case in 1993 pursuant to <u>Bailey v. Sullivan</u>, No. CIV.A.83-1797,

1991 WL 207484 (M.D. Pa. 1991), since it fell within a class of claims the

Commissioner had improperly denied.  After a hearing before an

Administrative Law Judge (ALJ), the plaintiff on March 20, 1997 was again

denied benefits.  The Social Security Appeals Council reversed this decision

on May 9, 1998, remanding the case to the ALJ for further evidence.  That

court held a hearing on September 4, 1998, and on April 1, 1999 again found

the plaintiff ineligible for benefits.  The Appeals Council denied the plaintiff's

next appeal, but on December 16, 2002 the District Court for the Middle

District of Pennsylvania remanded the case to the ALJ, finding that the Judge

did not explain the basis of his decision sufficiently and did not properly

consider testimony supporting the plaintiff's complaints.

On December 1, 2003, another ALJ held a hearing on the plaintiff's

eligibility for disability payments.  This Judge on January 9, 2004 concluded

that the plaintiff was not disabled and ineligible for benefits.  The plaintiff

appealed, and Magistrate Judge Thomas M. Blewitt heard her case.  After

receiving briefs from both sides in the case, Magistrate Judge Blewitt issued a

report and recommendations in the matter.  Judge Blewitt proposed that the

case be remanded again to the ALJ, because she had used the improper date to begin her consideration of whether the plaintiff was disabled.  Both sides agreed with Judge Blewitt that the ALJ should have examined the plaintiff's condition beginning on this earlier date.  The plaintiff, however, filed a brief with this court that objected to the Magistrate Judge's proposal for yet another remand.

On February 28, 2006, this court issued its ruling in the case.  We refused to remand to the Administrative Law Judge, finding instead that "Johnson had established her prima facie case that she was disabled." (Doc. 20, Memorandum of 2/28/06, at 18).  We ordered the Social Security Commissioner to award the plaintiff benefits and to calculate the amount of benefits based on an onset date of September 30, 1979 and an application date of October 20, 1983.  We also allowed the Commissioner to establish a cessation date based on whether and when the plaintiff resumed substantial gainful employment.  The commissioner could also establish offsets based on the plaintiff's receipt of other benefits.

On March 21, 2006, plaintiff's counsel filed a motion for attorney's fees under the EAJA.  She claimed to have performed 44.10 hours of work on the plaintiff's case between November 2004 and March 2006, and requested

$7,034.83 as compensation.  The Commissioner objected to this motion on April 5, 2006, arguing that attorney's billed hours should be reduced either to 24.60 or 28.60, and that her compensation should correspondingly be limited to either $3826.50 or $4494.90.

On April 10, 2006, the plaintiff filed a motion to extend the time for the plaintiff's response to the defendant's brief in opposition.  The government did not object to this motion, and this court granted an extension on April 13, 2006.  The plaintiff filed her brief on May 1.

On July 16, 2006, the Social Security Administration paid the plaintiff $38,735.17 in retroactive benefits, informing her that she would thereafter receive monthly benefits of $1,023.00.  The Administration withheld twenty-five percent of the award ($12,718.73) for attorney's fees, informing the plaintiff that any funds remaining after this court established the proper fee would be remitted to her.

On August 1, 2006 the plaintiff filed a supplemental petition for attorney's fees under the EAJA.  She sought compensation for 14.10 hours spent litigating her fees, requesting $2,394.50.  The Commissioner likewise objected to this request, arguing that the plaintiff's attorney should be compensated only for three hours of work, entitling her to payment of

4

$488.67.

On August 1, 2006 the plaintiff also filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b), the provision of the Social Security Act that allows attorney's fees to be paid from an award to the plaintiff.  As per the terms of an agreement signed with her client, the plaintiff's attorney requested that this court approve payment of the full 25% contingency fee allowed under the act.  That 25% fee amounted to $12,718.73 in this case. The Commissioner did not object.  We thus need here decide only how much of that fee should be remitted to the plaintiff under the EAJA.

## II.  Legal Standard

The Equal Access to Justice Act, 28 U.S.C. § 2412(d), provides that a prevailing party in a civil suit against the Federal Government shall be awarded attorney's fees if the government's position is not substantially justified, unless special circumstances make the award unjust. 28 U.S.C. § 2412 (d) (2006).  The Commissioner does not contest that the plaintiff  was the prevailing party in the dispute, nor that there was no substantial justification for the Commissioner's position in the case.  She cites to no special circumstances that would make an award unjust.  The plaintiff filed her petition for attorney's fees within the time required by the law, and is therefore

eligible for reimbursement of attorney's fees under the EAJA.  The sole question for this court is whether the fees requested by plaintiff's counsel are reasonable.

Under the rules articulated by the Supreme Court in <u>Hensley v. Eckerhart</u>, a court should exclude from the fees awarded to prevailing plaintiffs "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  <u>Hensley</u>, 461 U.S. 424, 434 (1983).  <u>See also</u> <u>Commissioner, I.N.S. v. Jean</u>, 496 U.S. 154, 161 (1990) (holding that "once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in Hensley.").

This court may not *sua sponte* reduce fees requested under the EAJA, but may only reduce those fees to which the government specifically objects.  <u>See, e.g.</u>, <u>U.S. v. Eleven Vehicles, Their Equipment, and Accessories</u>, 200 F.3d 203, 211 (3d Cir. 2000) (finding that "the district court may not award less in fees than requested unless the opposing party makes specific objections to the fee request.").  Courts have broad discretion to determine reasonable fees in this area, so long as they "provide a concise but clear

explanation of [their] reasons for the fee award." <u>Hensley</u>, 461 U.S. at 437.

### III.  Reasonable Fees Under the EAJA

### A.  Rate of Compensation

In her original motion for attorney's fees under the EAJA, the plaintiff sought fees at the statutory rate of $125/hour, adjusted for inflation based on the current year (2006).  The Commissioner challenged this rate, arguing that the plaintiff was entitled only to fees that reflected the rate available for such work during the year it was performed.  The Commissioner argued that since much of the work claimed by the plaintiff had been performed in 2004 and 2005, the fee requested by the plaintiff should reflect the rates available to lawyers during those years.  The plaintiff conceded this point, reducing her requested fee from $7034.83 to $6949.99.  Because the plaintiff has adopted the government's position, we will base the plaintiff's rate owed on the years the work was performed.[1]

### B.  Research and Writing on Plaintiff's Brief in Support of Objection's to the Magistrate Judge's Report and Recommendations

The Commissioner objects to plaintiff's counsel's billing of 1.50 hours for legal research on the issue of "reversal versus remand" in her brief objecting

---

[1]As the parties have agreed on this matter, we take no position on the merits of the commissioner's argument.

to the Magistrate Judge's Report and Recommendations.  The Commissioner

argues that the issue of reversal versus remand was not novel, and that the

plaintiff should therefore have used less time to study the issue.  <u>See, e.g.</u>,

<u>Silva v. Bowen</u>, 658 F. Supp 72, 73 (E.D. Pa. 1987 (reducing claimed fees for

researching a brief because the "case was not particularly complex and did

not raise novel issues.").

   We do not find the 1.5 hours spent researching the issue of "reversal

versus remand" of the ALJ's decision excessive.  This issue became the key

one in the case, and allowed the plaintiff to win her award rather than to have

to wait for a reversal.  The plaintiff made a successful argument that the facts

of her case fit with those of other cases won on reversal, and this required

careful reading of those cases to find factual similarities, even when the legal

doctrine provide in them was not particularly complicated.[2]  One-and-one-half

hours is not unreasonable time to spend reading cases to complete this task.

   The Commissioner also argues that the time used by the plaintiff for

drafting this brief should be reduced.  The Commissioner contends that the

plaintiff's attorney, experienced in social security litigation, should have been

---

[2]The major case cited by the plaintiff in this matter, <u>Podeworny v. Harris</u>, 745
F. 2d 210 (3d Cir. 1984) is twenty-one pages long, and contains a long and detailed
recitation of both facts and procedure.

8

able to draft her brief more quickly, since the legal issues she raised were

neither novel nor complicated.[3]  This case, however, was one that was very

factually specific, and we do not find it unreasonable to spend 12.20 hours

drafting a fifteen-page brief that had persuasively to balance legal standards,

complicated testimony from doctors and rehabilitation specialists, and detailed

court opinions related to the case.  We thus find the 13.70 hours spent to

complete this brief reasonable.  Plaintiff's counsel's efficiency compares

favorably to the work of other attorneys whose fees were reduced.  See, e.g.,

Grey v. Chater, 1997 WL 12806 (S.D.N.Y. 1997) (reducing the fees of an

experienced attorney in social security litigation because 43 hours spent

drafting a brief in a non-complex matter was excessive); Grendel's Den, Inc.

v. Larkin, 749 F2d 945, 954 (1st Cir. 1984) (finding "spending 308 hours for a

claimed $84,700 to produce a seventeen-page motion to affirm, a thirty-seven

page response brief, and a two-page supplemental statement, and to prepare

for oral argument" excessive).  We reject the Commissioner's request to

---

[3]The Commissioner also argues that the plaintiff had already made those arguments in her earlier briefs to the Magistrate judge, pointing out that "Plaintiff requested outright reversal, rather than a remand, in her initial and reply briefs."  The Commissioner then cites to the last page of those two briefs, where the plaintiff ended her argument by stating "[the plaintiff] is entitled to a reversal rather than another remand."  See Defendant's Brief in Opposition to Plaintiff's Motion for an Award of Attorney's Fees, at 8; Defendant's Brief, at 31; Defendant's Reply, at 8.  This hardly constitutes the sort of work that would make the plaintiff's later briefing repetitive.

reduce the 13.70 hours charged from this brief by 6.40 hours.

### C.  12.20 Hours for Researching and Drafting a Reply Brief to the Commissioner's Response to Plaintiff's Objections

The plaintiff billed 12.20 hours for researching and drafting a reply brief to the Commissioner's response to plaintiff's objection's to the Magistrate Judge's report and recommendations.  The Commissioner Argues that Rule 72 of the Federal Rules of Civil Procedure does not allow a plaintiff to file such a brief.  Since the plaintiff did not file a motion for leave to file such a response, the Commissioner argues, this filing was inappropriate, and the government should not have to pay for it.  For this reason, the Commissioner asks this court to excise all of the hours spent on the brief.

We find this argument unpersuasive.  Though Federal Rule of Civil Procedure  72(a) does not specifically give a party the right to draft a brief in this situation, the rule does not specifically prohibit the filing either.  See Fed. R. Civ. P. 72(a).  We then turn to the Local Rules to determine whether the filing is allowed.  Local Rule 72.3 covers the procedures for responding to a Magistrate Judge's Report and Recommendations.  M.D. Pa. R 72.3. That rule establishes that "any party may object to a magistrate judge's proposed findings, recommendations or report."  Id.  The Rule further states that "the briefing requirements in Local Rule 72.2 shall apply."  Id.  Under that Rule,

which governs appeals from orders by the Magistrate Judge, "a brief in reply
may be filed within seven (7) days after service of the opposing party's
response.  M.D. Pa. R. 72.2.  The plaintiff therefore may be compensated for
her fees for preparing this brief under the EAJA, so long as those fees are
reasonable.

Alternatively, the Commissioner argues that many of the hours spent in
researching this filing were unnecessary, since much of the argument
contained in that reply repeated arguments previously made to the court.  The
Commissioner points out that the plaintiff spent three hours researching this
brief, which was twice as much time spent on research for the plaintiff's initial
brief.  The government finds this time excessive, especially since none of the
issues argued by the plaintiff were novel legal ones.

We agree with the Commissioner that the research time spent on the
reply brief was excessive.  Plaintiff cites to only four cases in her reply brief,
two of which she cited in her initial brief supporting her objections to the
Magistrate Judge's report.  Her opening brief, by contrast, cited to nine cases.
Still, plaintiff made more numerous record citations in her reply brief than in
her initial brief, which required at least some research.  At best, the amount of
research time spent on the reply brief should not have exceeded the that used

11

to draft the opening brief.  Accordingly, we will reduce the time claimed for research on this brief from 3.0 hours to 1.5 hours, equaling the research time on the opening brief.

The 9.20 hours the plaintiff expended on writing the brief are also unreasonable, the Commissioner argues, since the reply brief repeats many of the same arguments made by the plaintiff in her initial brief.  We reject this argument.  The Commissioner argues that "it is unreasonable for Plaintiff to charge a total of 12.20 hours for a reply brief that contains arguments similar to those contained in her initial brief and initial objections."  Defendant's Brief in Opposition to Plaintiff's Motion for an Award of Attorney's Fees, at 10.  The Commissioner appears to misunderstand the nature of a reply brief, which is designed to address the arguments made by one's opponent in response to a brief, not raise novel issues.[4]  By its very nature, such a brief expands on and clarifies arguments previously made.

In this case, the plaintiff's reply brief used record citations, case law, and logical argument to address issues raised by the Commissioner's brief, including why the Commissioner was incorrect in contending that the case

---

[4]That would be unfair to the defendant, who generally cannot respond to such a brief.

12

should be remanded to an ALJ rather than reversed by the District Court, whether the Magistrate Judge had found the plaintiff to be fully credible, and the need for the court to address four issues upon which the Magistrate Judge had not ruled.  This brief amounted to an extensive, fourteen-page argument. It also helped convince the District Court to reverse the case in the plaintiff's favor.  We do not find 9.2 hours spent responding to the Commissioner's 11-page brief unreasonable.  See, e.g., Wirth v. Barnhart, 325 F. Supp. 2d 911, 918-19 (E.D. Wis. 2004) (finding fees charged reasonable because detailed 8-page reply brief "thoroughly replied to the issued raised by the Commission in her opposition.").  We therefore reduce 1.5 hours from the 12.20 hours claimed for the research and writing of this brief.  As per the agreement between the parties, this time will be reduced at the 2005 statutory rate of $156.79/hour.

### D. .20 Hours Billed for Contacts with the Plaintiff

The plaintiff seeks payment for .20 spent drafting a letter to the plaintiff regarding the federal court decision in her case.  The Commissioner argues that this time is redundant, as the plaintiff's counsel also billed for .50 hours spent reviewing the same court decision the previous day with the plaintiff on the phone.

13

This court finds that the .20 hours spent drafting a letter to the plaintiff regarding the court decision was not unreasonable, excessive, or redundant. Lawyers have an ethical responsibility to keep their clients informed about important events in their cases, and written confirmation of a phone conversation aids clients in understanding their case.[5]  Twelve minutes (.20

---

[5]The American Bar Association insists that lawyers keep their clients informed about the status of their litigation.  Rule 1.4n6 of the ABA Model Rules of Professional Conduct (2002), notes that:

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) **keep the client reasonably informed about the status of the matter;**

(4) promptly comply with reasonable requests for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. ABA Model Rules of Professional Conduct Rule 1.4n6 (2002) (emphasis added).

hours) spent to do so is not unreasonable.

### E.  Reduction of Hours Billed for Drafting EAJA Petition

The Commissioner argues that plaintiff's counsel spent excessive time drafting her petition for fees under the EAJA and a motion for reimbursement of a filing fee.  The Commissioner contends that the EAJA petition represented merely a two-page form motion with procedural history attached, and that the motion for reimbursement of the filing fee should have been contained in the EAJA petition and was therefore excessive.  The Commissioner requests a reduction of .70 hours from the 1.7 hours billed for these filings, leaving 1.0 hours.[6]

We agree with the Commissioner that the time spent preparing the motion and order for the reimbursement of the filing fee, which contained much the same information as the petition for EAJA reimbursement, was redundant.  The plaintiff could simply have included that motion in her EAJA filing, as the motion for reimbursement included no substantive information

_____

[6]The Commissioner claims the plaintiff seeks 1.9 hours for this work, but her time sheet lists only 1.7 hours (.20 hours to Draft Motion for Reimbursed Costs; 1.30 hours to Draft EAJA petition and Order; and .20 hours to Draft Order for Reimbursement of Costs; phone call to OGC re concurrence.  We base our new calculation of the hours allowed on this number.

not contained in the EAJA motion.  We will therefore disallow the .40 hours

the plaintiff claimed for drafting this motion and the order that accompanied it.

This time will be reduced at the 2006 statutory rate of $159.52/hour.

We disagree with the Commissioner, however, that the EAJA petition

was merely a form motion that should have taken less than an hour to draft.

The EAJA petition required research to determine the current cost of living

rate and to calculate fees based on this calculation.  The motion thus was

fact-specific and 1.3 hours to prepare the document is not unreasonable.

Accordingly, we will reduce the plaintiff's fee request for preparing the EAJA

petition and related documents by .40 hours.

**F.  Objection to 1.5 hours for Filing of EAJA Petition in Plaintiff's Supplemental Request for Fees under the EAJA**

In her Supplemental Petition for Fees under the EAJA, the plaintiff

included a billing for 1.5 hours for filing the original EAJA petition and

reimbursement for filing fees.  The Commissioner objects to this billing as

redundant, since the plaintiff included a bill for those fees in her original EAJA

request.  The plaintiff  agrees.  The court will therefore reduce the plaintiff's

supplemental request for fees by these 1.5 hours at the 2006 statutory rate of

159.52/hour.

**G.  .10 Hours for a Letter to Plaintiff Regarding the Motion for Reimbursement of Costs**

The Commissioner argues that the plaintiff's counsel should not receive compensation for .10 hours spent drafting a letter to the plaintiff regarding the motion for reimbursement of costs under the EAJA.  The Commissioner contends that this letter was merely a clerical task which did not need to be performed by an attorney.  Under the rules articulated in <u>Spegon v. Catholic Bishop</u>, 175 F.3d 544, 553 (7th Cir. 1999), the Commissioner argues, a plaintiff's counsel cannot be compensated for tasks that are normally performed by clerical staff, not attorneys.

We reject this argument.  The letter  was between the plaintiff and her attorney, and could very well have contained information regarding the progress of the litigation.  There is no evidence as to what the letter actually said.  The extension will impact the date on which the plaintiff is compensated for the attorney's fees she has paid.  The plaintiff's attorney has a responsibility to keep her client informed about this important aspect of her litigation, and that is not merely a clerical task.  Spending six minutes to do so is not unreasonable.

### H.  10.50 Hours for Replying to the Commissioner's Response to Plaintiff's Motion for Fees under the EAJA

The Commissioner contends that the plaintiff did not have a right under the local rules to compose a reply brief to the Commissioner's objections to her motion for attorney's fees under the EAJA.  Since the plaintiff did not request permission to file this brief, the Commissioner insists, the plaintiff should not be compensated for doing so.  The Commissioner seeks to have the 10.50 hours the plaintiff's attorney spent writing this brief removed from her fee request.

The plaintiff's attorney clearly had a right to litigate her fees, and nothing in the local rules prohibits her from filing a brief in response to the defendant's brief.  The Commissioner appears to argue that the plaintiff's brief is not allowed under the local rules because they "do not expressly permit a party to file a 'reply to a reply to an EAJA petition.'"  See Defendant's Brief in Opposition to Plaintiff's Supplemental Petition for an Award of Attorney's Fees Pursuant to 28 U.S.C. § 2412, The Equal Access to Justice Act, at 4, n. 1 (hereafter cited as Defendant's Brief in Response) (Doc. 29).  The local rule to which the Commissioner cites does not state expressly the title of every motion which can be filed under those rules, and the rule is aimed at appeals from the decisions of magistrate judges in any case.  See M.D. Pa. R. 72.2,

18

"Appeals from Non-Dispositive Orders of Magistrate Judges."[7]

Furthermore, the United States Supreme Court has ruled that the EAJA permits plaintiffs to recover for the reasonable costs of litigating their fees. See Jean, 496 U.S. 154, 166 (holding that "the purpose and legislative history of the statute reinforce our conclusion that Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute."); and Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985) (finding that fees on fees are subject to the reasonableness analysis articulated in Hensley). The court is unsure of how litigation of fees could proceed in a fashion other than it has here. If the Commissioner had sought to avoid paying additional attorney's fees for litigating the plaintiff's EAJA petition, the Commissioner could have refrained from objecting to the original motion. Though the court denies this request to eliminate all the hours billed by the plaintiff for litigating the EAJA petition, we

---

[7]The title of the Commissioner's filing to which the plaintiff responded demonstrates how unpersuasive the Commissioner's position is: "Defendant's Brief in Opposition to Plaintiff's Motion for an Award of Attorney's Fees Pursuant to 28 U.S.C. §2412, the Equal Access to Justice Act." At the time of this filing, the Commissioner Apparently recognized that the plaintiff had filed a motion to which the Commissioner, under the local rules, was entitled to respond with a brief. As explained above, under Local Rule 72.2, the plaintiff is entitled to reply to this brief.

will address the reasonableness of the hours charged.

Alternately, the Commissioner contends that this billing was excessive for several reasons.  First, the Commissioner points out that, in addition to the 1.7 hours plaintiff's counsel billed for drafting the original EAJA petition, the time billed by plaintiff's attorney related to fees amounts to 25% of the total fees billed in the case.  The Commissioner contends that this fee is unreasonable, since some courts have suggested that the time charged preparing and litigating the attorney fee case should not exceed three percent of the hours spent litigating the main case.[8]  See Coulter v. Tennessee, 805 F. 2d 146, 151 (6th Cir. 1986) (holding that "in the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial.").

We reject this position insofar as it implies that we can simply compare the two proposed billings and reduce the bill for fees to achieve the correct percentage.  Our task in this matter is to determine whether a requested fee is

---

[8]That the Commissioner's position is unavailing is obvious from calculating three percent of the fees the commissioner contends are just in the main case: 28.60 (the Commissioner's highest suggested hours in the main case) x .03=.86 hours, much less than even the Commissioner suggests would be appropriate in the case.

reasonable, given the specific circumstances of the case.  See Public Interest Research Group of New Jersey v. Windall, 51 F.3d 1179, 1189-90 (3d Cir. 1995) (Reversing a reduction of fees by a blanket 50% in part because the judge did not explain his reasoning for specific reductsions).

The Commissioner also argues that the issues raised in the litigation are not novel, and that an attorney of plaintiff's counsel's experience and skill should have performed the task more efficiently.  If counsel had requested 10.5 hours simply for filing her EAJA petition, this court would agree.  Here, however, the plaintiff spent that time responding to the Commissioner's claims that her fees were unreasonable.  She filed a detailed, 12-page brief that addressed at length the Commissioner's objections to her fees.  The brief is not, however, an example of a document produced after hours of careful legal research.  Instead, it consists largely of narrative explaining the basis for the plaintiff's time charges.  The document, therefore, does not represent research into a novel legal issue which would justify a large number of hours spent drafting and researching the argument.  Indeed, nearly two pages of the brief recites facts about uncontested areas of counsel's activity in the case and unnecessary details about the purposes of the EAJA.  Accordingly, we agree with the commissioner that portions of the time claimed for this reply

21

brief are redundant, excessive and unnecessary, and will limit the fee charged for this document by three hours, to 7.5 hours.

### J.  1.0 Hour for Attorney's Contacts with the Social Security Administration Regarding Disbursement of the Plaintiff's Award

The Commissioner argues that the plaintiff's attorney should not be compensated for 1.0 hour spent contacting the Social Security Administration to discover the status of the award the court had ordered paid to the plaintiff. The Commissioner, citing no case law, argues that the "EAJA generally provides compensation for work done on a case only in federal court." Defendant's Brief in Response, at 7.  Plaintiff's counsel, the Commissioner contends, "should not be compensated for time attributable to the administrative process." Id.

Such contacts—pressing for the payment of an award to a client—are the sort of work that a private attorney would normally perform for a client. See Spegon, 175 F.3d 552 (holding that "put another way, hours that an attorney would not properly bill to his or her client in the private sector cannot properly be billed to the adverse party under a fee-shifting statute such as the FLSA.").  We find that an hour spent negotiating the bureaucracy of the Social Security Administration—especially since those efforts led to the

payment of the funds the plaintiff had due her after a delay of several months—is not an unreasonable expense.  The plaintiff's request for fees in that matter will not be reduced.

**K.  .50 Hours for Drafting a Motion to Enlarge the Time to Respond to Defendant's Objection to the EAJA Fee**

The Commissioner objects to .50 hours billed by plaintiff's counsel for seeking an extension of time for responding to the Commissioner's objection to her EAJA petition. The plaintiff seeks .20 hours for drafting the motion, .10 hours for drafting the order, and .20 hours for instructing the attorney who filed the motion for plaintiff's counsel.  The Commissioner contends that the government should not be forced to expend additional sums when the plaintiff needed additional time to file her brief because she was going on vacation. We do not find this expense unreasonable.  The amount of time spent preparing this motion is not excessive, and we do not agree with the commissioner that an attorney's vacation is an invalid reason for seeking an extension on a briefing deadline.  Attorneys take vacations, and when they do they have to take responsibility to ensure that they do not miss deadlines and default in their cases.  Plaintiff's counsel did so here.  See Samuel v. Barnhart, 316 F. Supp. 2d 768, 779-80 (E.D. Wisc. 2004) (finding a fee for requesting an extension of time reasonable, since "plaintiff requested just one

extension and spent a minimal amount of time," and "extensions of time are

regularly requested and granted in social security cases in this district.").

**L.  .10 Hours for a Letter Sent to the Plaintiff Regarding the Motion for Extension of Time to Respond to the Defendant's Objection to the EAJA Fee**

The Commissioner contends .10 hours billed for that a letter sent to the

plaintiff by her attorney regarding an extension of time for her reply brief

should be disallowed.  This, the Commissioner argues, was a "clerical task,"

and should not be compensated under the EAJA for the same reasons other

allegedly clerical tasks cannot.  Defendant's Brief in Response, at 7.  We

disagree.  This letter informed the plaintiff of the status of her litigation, and is

an essential part of a lawyer's duty to her clients.  That part of the plaintiff's

counsel's bill is entirely reasonable.

**Conclusion**

In sum, then, we reduce the hours requested by the plaintiff in her EAJA

petition by 4.9 hours, finding those requests unreasonable.  One-and-one-half

of those claimed hours were performed in 2005, and we will reduce that fee

by 1.5 x $156.79 ($235.19), the inflation-adjusted rate allowed by the statue in

2005.  Three-and-four-tenths hours (3.4) of that claimed work was performed

in 2006, and we will therefore reduce the fee by 3.4 x $159.52 ($542.37), the

24

inflation-adjusted hourly rate allowed by the statute in 2006.  Added together, that reduction amounts to $777.56.  The plaintiff had requested $9344.49 in attorney's fees.  We hereby reduce that request to $8566.93.

The Commissioner has agreed that plaintiff's attorney should also receive $12,718.73 as her fee from the award received by the plaintiff in this case under 42 U.S.C §406(b).  Plaintiff's attorney shall remit to the plaintiff the funds awarded under the EAJA.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTHA L. JOHNSON,** | : | **No. 3:04cv2504** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW,** to wit, this 1st day of September 2006, the plaintiff's motions for an award of attorney's fees pursuant to the Equal Access to Justice Act (Doc. 21), supplemental motion for an award of attorney's fees pursuant to the Equal Access to Justice Act (Doc. 27), and motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. 28) are hereby **GRANTED** in part and **DENIED** in part.  Plaintiff's attorney is awarded $12,718.73 under 42 U.S.C. § 406(b) and plaintiff is awarded $8566.93 in attorney's fees under the Equal Access to Justice Act.

**BY THE COURT**

**/s James M. Munley**
**Judge James M. Munley**
**United States District Court**

26